WILLIAMS, J.
(dissenting).'—The dismissal of the complaint was improper. It Avas q case for the jury upon both the question of the defendant’s negligence and the absence of contributory negligence on the part of the plaintiff. It Avas the duty of the defendant to keep its streets in a reasonably safe condition for public travel. This truck was standing in the street in the night-time, was an obstruction in the street, whieh rendered the street unsafe for public travel. It had been accustomed to stand there three or four nights in the week for three or four months before the accident. It Avas peculiarly dangerous in the night-time, when it Avas difficult, by reason of the darkness, to discover its presence there, and avoid it. The city was at least chargeable Avith constructive notice of this obstruction, and it neglected its duty in permitting a truck to be stored in the street, night after night, for weeks and months before the accident. There can be no doubt whatever that there was at least sufficient evidence to render the question of the defendant’s negligence one of fact for the jury.
It is equally clear that the question of contributory negligence on the part of the plaintiff was one of fact for the jury. Contributory negligence is always a question for the jury, unless some act or neglect on the part of the plaintiff can be pointed out constituting contributory negligence as a matter of laAv. Here it is said the plaintiff Avas driving too rapidly, that he should have driven more deliberately, that the laAv prohibited driving faster than five miles an hour, and the plaintiff Avas within this provision of Mat. While the manner in Avhich the plaintiff was driving, and the rapidity with which he was driving, and the care he was exercising, AYere facts which might be considered by the jury upon the question of contributory negligence, Ave cannot assent to the proposition that the evidence in this case, as to these facts, made the question of contributory negligence one of May for the court, rather than one of fact for the jury. Kegligence is a failure to perform a legal duty, and it could not be said as a matter of May that it Avas the duty of plaintiff and his associates to driAre sloAAdy and deliberately, and keep the speed 'of the team below five miles an hour, AArhile on their Avay to a fire. The duty of firemen, Avhen an alarm of fire is sent in, especially in the night-time, when not only property, -but human life, may be in danger, is to get up, and get out, and reach the fire, not slowly and deliberately, but hurriedly, and as quickly as possible, having due regard to their oavu safety. A feAV seconds’ loss of time may mean large loss of property, and perhaps life. *1022 Firemen clo not know how urgent the call is when the alarm comes in. The call always means “ Come at once! Come quickly! Lose no time! ” and the duty of firemen is to obey the call, and be quick about it, and not slow and deliberate. We are unwilling to assent to the proposition, as a rule of law, that the duty of firemen going to a fire is to keep within the rate of speed of five miles an hour, and to drive slowly and deliberately. There was no proof in this case as to the precise or approximate rate of speed-the plaintiff was driving at the time of the accident. He says himself that he drove off from the engine house to the fire as fast as he could, and at the time of the accident he was driving in quite a hurry. The court was not justified in holding as matter of law that plaintiff was guilty of contributory negligence as to the rate of speed he was driving at the time of the accident. It was a question for the jury, and not for the court. He knew Broome Street; that it was a street of considerable width. He did not know that this double truck was being stored there, during the nighttime. He had a right to assume, in absence of any. knowledge or notice to the contrary, that the city had performed its duty of keeping the street free from dangerous obstructions in the night-time, and in a reasonably safe condition for public travel. He was an experienced driver of hose carts; had a, team experienced in the work; one that he knew we‘ll; and he was attending to his driving, and doing the best he could, apparently, to get to the fire as quickly as possible in the performance of his duty. The court was not justified, upon the evidence given in tlie case, in holding as a matter of law that ■ he was guilty of contributory negligence. It was clearly a question for the jury. He was bound .to the exercise of such care, under all the circumstances of the case as an ordinarily careful and prudent person would have exercised. Whether he did exercise such care or not was a question for the jury, and not for the court.
There are no other questions raised in the case of sufficient-merit or importance to call for a reference to them in this opinion.
The court erred in dismissing the complaint. The judgment and order appealed from' should be reversed, and a new trial ordered, with costs to the appellant to abide event.
O’BRIEN, J., concurs.